■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JERRY RUIZ, Respondent.—Order, Supreme Court, New York County (Herbert Altman, J.), entered December 10, 1984, which dismissed count one of the indictment, charging defendant with burglary in the third degree, reversed, on the law, the dismissed count reinstated and the matter remanded for further proceedings.

The defendant was arrested inside a van parked at the site of a subway work project in Manhattan. Work at the project was being done by employees of Jandous Electric Company and the van belonged to an employee of that company, who was working at the site. Evidence before the Grand Jury showed that the defendant had pried open the right front vent window to gain access to the van. Four emergency alarm devices had been in the back of the van. The defendant was observed coming from the back into the front of the van. Two of the alarm devices had been moved from the back to the front when the defendant was observed.

Criminal Term inspected the Grand Jury minutes for sufficiency. It held that the van at issue did not constitute "an inclosed motor truck" and, thus, a building within the meaning of Penal Law § 140.00 (2). The court observed that "while

vans are increasingly used as commercial and school vehicles, they are not, as a general rule, used for the transportation of freight." We disagree and reverse.

The Court of Appeals has recently decided the issue of whether a commercial van falls within the ambit of Penal Law § 140.00 (2). In *People v Mincione* (66 NY2d 995, 997), the court stated that a van "meets the statutory definition of a building because it may be considered either an 'inclosed motor truck' or a vehicle used for 'carrying on business therein'. That interpretation is consonant both with the legislative intent of the statute and with the historical scope of its judicial construction *(see, People v Richards,* 108 NY 137; Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 140.00, pp 11-13)."

While the dissent refers to the absence of evidence before the Grand Jury regarding the registered owner or whether the van bore commercial markings or license plates, in our view, these are evidentiary matters for trial. Under the Court of Appeals holding in *Mincione (supra),* these are not statutory requisites. The absence of such proof is not conclusive as to the legal sufficiency of so much of the indictment which charged defendant with burglary in the third degree, especially in light of the testimony that the van was used by complainant, a Jandous employee, to transport himself and materials to the jobsite. Concur—Murphy, P. J., Kupferman, Asch and Kassal, JJ.

Rosenberger, J., dissents in a memorandum as follows: I dissent and would affirm the order of Criminal Term. While the Court of Appeals in *People v Mincione* (66 NY2d 995, 997 [1985]) has held that a van may constitute "an 'inclosed motor truck' " or a vehicle used for " 'carrying on business therein' ", the evidence before the Grand Jury in this case does not support such a finding. The van in question in *People v Mincione (supra)* bore commercial license plates and was used by its owner, a greenhouse construction company, primarily to transport workers, materials, and tools. The evidence before the Grand Jury in this case does not indicate whether the van at issue bore commercial license plates, whether it had any commercial markings, how it was primarily used, or by whom it was owned. Indeed, the testimony of the electrician who discovered the defendant within the van, and who was employed by Jandous Electric at the site, referred to the vehicle as his.