■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL PARKER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Mayer, J.), rendered May 25, 1982, convicting him of rape in the first degree, and assault in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Naro, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

On May 28, 1981, the complainant, a physician's assistant, was accosted in the office of a Queens medical center by an assailant who dragged her from the medical center office across the street to a nearby automobile repair garage, and there sexually assaulted her. The incident took place over a period of approximately 15 minutes during which the complainant was face to face with her assailant under the bright fluorescent lights of the medical center. Moreover, the complainant further testified that she was also able to observe the assailant's face at the time the rape actually occurred. Shortly after the commission of the crime, the police arrived and transported the complainant to Elmhurst General Hospital for treatment. On the way, however, a man from a nearby used car lot flagged down the police car in which the complainant was seated, advising that someone was breaking into a van. The officers pulled over, leaving the complainant in the vehicle, and proceeded to investigate. As the complainant watched from a distance of about 25 feet, the police removed from the van an individual whom the complainant immediately recog-

nized as her assailant. The complainant subsequently identified the defendant in court as the man who had raped and assaulted her.

On appeal, the defendant argues, *inter alia*, that the complainant's out-of-court identification should have been suppressed since it was unduly suggestive. We disagree. Initially, it is questionable whether the defendant was entitled to a *Wade* hearing in connection with the identification, since the defendant concedes that the encounter was not police arranged *(see, People v Belushi,* 114 AD2d 463; *People v Medina,* 111 AD2d 190; *People v Gissendanner,* 48 NY2d 543, 552; *cf., People v Moore,* 96 AD2d 1044; *Green v Loggins,* 614 F2d 219). In any event, there is nothing in the *Wade* hearing record which would indicate that the encounter between the complainant and the defendant was suggestive. Moreover, even assuming, arguendo, that the identification was suggestive, the record clearly supports the hearing court's determination that there existed an independent basis supporting the complainant's in-court identification of the defendant as the assailant *(cf., People v Smalls,* 112 AD2d 173; *People v Burton,* 106 AD2d 652).

We have reviewed the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Kunzeman, Kooper and Spatt, JJ., concur.