■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MYRON CARDWELL, Appellant.—

We find unpersuasive the defendant's contention that the showup conducted in the vicinity of the crime scene was unnecessarily suggestive. Showups which, as here, are close in time and location to the scene of the crime are permissible as appropriate measures to secure prompt and reliable identifications *(see, People v Love,* 57 NY2d 1023; *People v Brnja,* 50 NY2d 366; *People v Dennis,* 125 AD2d 325). The fact that the defendant was in the back seat of a police car did not render the showup constitutionally infirm *(see, People v Burns,* 133 AD2d 642). Moreover, while a subsequent viewing and identification of the defendant at the police precinct was suggestive and unnecessary, we conclude that it was not so prejudicial as to taint the in-court identification and warrant its suppression. In any event, the record amply supports the hearing court's determination that there was an independent basis for the in-court identification, as the complainant had observed and conversed with the defendant at close proximity and under good lighting conditions prior to the commission of the offenses.

Similarly unavailing is the defendant's claim that the physical evidence seized from him should have been suppressed as the fruit of an unlawful arrest. The record demonstrates that the defendant was properly stopped and detained in accordance with appropriate police procedure *(see, People v Hicks,* 68 NY2d 234). Moreover, the defendant was not placed under arrest and searched until after the complainant identified him as one of the perpetrators and thereby provided probable cause for his arrest *(see, People v Fleming,* 109 AD2d 848).

Finally, we find the defendant's sentence neither unduly harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Mollen, P. J., Eiber, Sullivan and Rosenblatt, JJ., concur.