■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND E. WHITING, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (King, J.), rendered June 13, 1984, convicting him of rape in the first degree (two counts), sodomy in the first degree, burglary in the first degree, and assault in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the

defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, there is nothing in the court's findings following the *Wade* hearing which would indicate that the showup conducted in the vicinity of the crime scene was unnecessarily suggestive *(see, Stovall v Denno,* 388 US 293; *People v Logan,* 25 NY2d 184, 194, *cert denied* 396 US 1020; *People v Parker,* 127 AD2d 614, 615). Showups which, as here, are close in time and location to the scene of the crime are permissible as appropriate measures to secure prompt and reliable identifications *(see, People v Love,* 57 NY2d 1023; *People v Brnja,* 50 NY2d 366; *People v Morales,* 173 AD2d 743; *People v Cardwell,* 158 AD2d 533). We note that there was an independent basis for the in-court identification, as the victim observed and conversed with the defendant at close proximity and under good lighting conditions for approximately five minutes at the time the offenses were committed *(see, People v Cardwell, supra,* at 533; *People v Parker, supra,* at 615).

The court properly exercised its discretion to impose the term of imprisonment for the burglary conviction to run consecutively to the concurrent terms of imprisonment imposed upon the assault, rape, and sodomy convictions. Although each of these crimes took place over a continuous course of activity, the burglary constituted a separate and distinct act, and was not a material element of the assault, rape, or sodomy *(see,* Penal Law § 70.25 [2]; *see also, People v Brathwaite,* 63 NY2d 839, 842-843; *People v Boyce,* 133 AD2d 164; *People v Dorsey,* 79 AD2d 611; *People v McMillan,* 61 AD2d 800). Moreover, we note that the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions, including those set forth in his supplemental *pro se* brief, and find them to be without merit. Thompson, J. P., Harwood, Rosenblatt and Miller, JJ., concur.