■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DARIUS MCCOLLUM, Respondent.—Order, Supreme Court, New York County (Jerome W. Marks, J.), entered May 2, 1991, dismissing the two burglary in the third degree counts of the indictment, unanimously affirmed.

All of the charges in the multiple count indictment arise out of defendant's theft of two city buses on the same night. Defendant took the first from the terminal at 129th Street and Amsterdam Avenue and drove to another depot in Queens, where he boarded another bus and drove it back to Manhattan. Defendant was arrested in midtown, after officers blocked the path of the bus and defendant fled on foot.

We agree with the IAS court that the Grand Jury evidence did not establish a burglary since the buses were not "build-

ings" within the meaning of Penal Law § 140.00 (2). That statute defines a "building" to include, in addition to its ordinary meaning, any "vehicle * * * used by persons for carrying on business therein, or * * * an inclosed motor truck, or an inclosed motor truck trailer". Although commercial vans fall within the statute (People v Ruiz, 68 NY2d 855, affg for reasons stated at 120 AD2d 437; see also, People v Mincione, 66 NY2d 995), we reject the People's argument likening the buses driven by defendant to the vehicles in Ruiz and Mincione. A bus is neither an enclosed motor truck nor a place in which any goods, merchandise or valuable things are kept for use, sale or deposit (see, People v Richards, 108 NY 137, 145), and we think it significant that Penal Law § 140.00 (2), which makes no mention of vehicles used exclusively for the transportation of persons, distinguishes vehicles "used for overnight lodging of persons" from vehicles "used by persons for carrying on business therein". There being a clear difference between using a vehicle for the purpose of "carrying on business therein", and using a vehicle for, as it were, the "business of carrying people therein", entering a bus with criminal intent to commit a crime is conduct that falls outside the plain meaning of the statute.

We also find that the unexplained and uncontradicted evidence of defendant's conduct presented to the Grand Jury, viewed in the light most favorable to the People, provided no basis to infer that defendant's intent was to commit a crime inside the buses (Penal Law § 140.20), and would not warrant a conviction for burglary by a petit jury (see, People v Jennings, 69 NY2d 103). Defendant's intent is not apparent from the circumstances of his entry into the buses (compare, People v Henderson, 41 NY2d 233, with People v Gilligan, 42 NY2d 969) or his use of the buses. While the evidence was sufficient to show that defendant took the buses without authorization, and while intent must be established by proof of conduct and the surrounding circumstances (People v Mackey, 49 NY2d 274, 279), there were no passengers on the buses when defendant entered them, he did not damage them and he simply abandoned the first at a transit authority lot and was doing no more than driving the second when his jaunt was interrupted by the police. The People correctly note that intent for the purpose of the burglary statute is measured from the time of entry into the "building" (People v Gaines, 74 NY2d 358), but we decline to review the evidence of defendant's entry into the buses in isolation from the additional evidence before the Grand Jury. Concur—Milonas, J. P., Kupferman, Ross, Asch and Rubin, JJ.