OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was convicted after a jury trial of robbery in the first degree for his participation in the knife-point mugging of an elderly victim as she approached and entered her Brooklyn home. At trial, the victim testified regarding her lineup identification of defendant. Admission of this testimony, which should have been suppressed because of the suggestive nature of the lineup, was erroneous. Despite this trial error, the Appellate Division affirmed under the harmless error doctrine. It concluded that strong independent source evidence supporting the victim’s in-court identification of defendant was established and explicitly found by the hearing court, and that this evidence was sufficient to satisfy the harmless error test.
*798 While the Appellate Division was correct that the existence of an independent source for an in-court identification is relevant to harmless error determinations, in this case the strength of the independent source evidence, standing alone, does not establish harmless error. A traditional and more thorough harmless error analysis is required.
We nevertheless agree that the order affirming the judgment of conviction should be affirmed. The mugging victim’s strong, independently evolved, nonsuggestive, in-court identification was buttressed by her sister’s testimony and by other surrounding evidentiary inferences and circumstances. Taken together, there is no reasonable possibility that the error might have contributed to defendant’s conviction; thus, it was harmless beyond a reasonable doubt (see, People v Owens, 74 NY2d 677; see also, People v Crimmins, 36 NY2d 230, 237; compare, People v Johnson, 80 NY2d 798 [decided today]; contrast, People v Coates, 74 NY2d 244; and People v Dodt, 61 NY2d 408).
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.