OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and a new trial ordered.
Defendant and a codefendant were convicted after a jury trial of two counts of murder in the second degree and additional, related criminal counts.
We agree with the Appellate Division that the eyewitness’s testimony regarding the lineup identification of defendant should have been suppressed and, therefore, was erroneously received in evidence at trial. However, we conclude, as did the dissenting Justice below, that the error in this case cannot be deemed harmless (People v Johnson, 176 AD2d 818, 820; compare, People v Harris, 80 NY2d 796 [decided today]; see, People v Crimmins, 36 NY2d 230).
The eyewitness, the sole witness who inculpated defendant in the commission of these crimes, gave testimony which was internally contradictory and inconsistent in nature. Significantly, the trial prosecutor pointedly relied on the erroneously admitted lineup evidence in the People’s opening statement and summation, thus exacerbating the prejudicial impact. Under these circumstances, the educement before and finding by the suppression court of an independent source for the witness’s in-court identification does not, standing alone, satisfy the harmless error standard. We cannot conclude on this *800 record that there was "no reasonable possibility that the error might have contributed to defendant’s conviction and that it was thus harmless beyond a reasonable doubt.” (Id., at 237.)
We have considered defendant-appellant’s other arguments and conclude that they lack merit.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order reversed, etc.