Bellacosa, J.
(dissenting). I agree that the trial court erred by excluding testimonial evidence from the defendant’s son concerning the 911 emergency call. Because I am unable, however, to agree that the error was harmless, I respectfully dissent and vote to reverse and order a new trial.
Potentially independent verification and corroboration of defendant’s justification defense focused on the 911 telephone call that would have been adduced through the testimony of his son, Uli, who made the call from inside defendant’s house as the fatal altercation was unfolding in front of the house. When the 911 testimony was admitted at defendant’s first trial, the jury was unable to reach a verdict on the murder charge. Thus, a "significant probability” exists that the court’s exclusion of the evidence in the second trial contributed to the second jury convicting defendant (see, People v Crimmins, 36 NY2d 230, 242). This error should not be deemed harmless to rescue this conviction, particularly in light of the prosecutor’s heavy reliance in summation on the absence of a gun found on the victim.
At defendant’s first murder trial, his son, Uli, testified: "I told the [911] operator [that] there [was] an emergency here. I said there is somebody with a gun. * * * There are people *100 here. They got guns and there is going to be a problem. ” At the second trial, the prosecutor objected to Uli’s 911 testimony, asserting falsely that the 911 tape was excluded as hearsay in the first trial. The trial court relied on this misrepresentation in making its concededly erroneous ruling excluding the evidence. Although other members of defendant’s family testified at both trials that they believed the victim possessed a gun, the 911 testimony and tape served as the objective linchpin to buttress defendant’s justification defense. It surely could have provided the basis for a reasonable doubt of guilt and, thus, cannot be deemed harmless.
Moreover, the Court has in a series of recent cases rejected harmless error involving relatively less substantial or pinpointed errors (see, e.g., People v Taylor, 80 NY2d 1, 11 [erroneous admittance of phone message]; People v Johnson, 80 NY2d 798, 799 [erroneous admittance of lineup identification]; People v Vasquez, 76 NY2d 722, 725 [denial of providing missing witness charge]; People v Newball, 76 NY2d 587, 592 [erroneous admission of prior identification testimony]). Where, as here, the defendant is subjected to two trials leading to arguably inconsistent verdicts and a key piece of exculpatory evidence is concededly and erroneously excluded from the trial at issue, it defies logic and practical application of the harmless error doctrine to declare that the combined error of the trial court, directly contributed to by the trial prosecutor, did not have a significant probability of effect on the ultimate verdict. In my view of the record, more than just a "significant probability” existed in this case that the error contributed to the jury’s guilty verdict in the second trial (People v Crimmins, 36 NY2d 230, 242, supra). Thus, there should be a new trial.
Chief Judge Kaye and Judges Titone, Smith, Levine and Ciparick concur with Judge Simons; Judge Bellacosa dissents and votes to reverse in a separate opinion.
Order affirmed.