■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS KING, Appellant. [688 NYS2d 173] —Appeal by the defen-

dant from a judgment of the Supreme Court, Kings County (Vaughan, J.), rendered April 9, 1997, convicting him of robbery in the first degree, assault in the first degree, attempted robbery in the first degree, and attempted assault in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Kreindler, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We agree with the defendant that evidence that the two complaining witnesses identified him in a lineup should have been suppressed on the ground that he was denied his right to counsel at the lineup. The evidence in the record, and the hearing court's findings of fact, established that the detectives investigating the instant crimes were required to provide notice of the lineup and an opportunity to attend to the attorney who represented the defendant on an unrelated charge (*see, People v LaClere,* 76 NY2d 670). Accordingly, evidence of the lineup identifications was erroneously admitted at the trial.

We conclude, however, that the error does not require reversal of the defendant's convictions. The suppression court determined that each of the complainants had an independent source to support an in-court identification of the defendant, and the complainants identified the defendant at the trial. Generally, a finding of independent source does not, standing alone, establish that the erroneous admission of lineup identification testimony was harmless (*see, People v Harris,* 80 NY2d 796; *People v Johnson,* 80 NY2d 798). Nevertheless, in view of the strong identification testimony by the complainants, which was not tainted by any suggestive pretrial identification procedures, the error was harmless beyond a reasonable doubt (*see, People v Harris, supra; People v Owens,* 74 NY2d 677; *cf., People v Johnson, supra*).

The defendant was convicted of various charges in connection with an attempted carjacking in August 1995, and a carjacking in September 1995. The complainant in the August incident testified that he observed the defendant walking in his direction as he sat in his vehicle at a red light. The intersection was well lit, and, since he was suspicious that "something was about to go down", the complainant kept his eyes on the defendant as he approached. When the defendant reached the driver's side of the complainant's vehicle, he drew a gun from his waistband and told the complainant to get out of the vehicle. As the complainant ducked and drove away, the defendant fired the gun. The complainant subsequently found two holes

in his hat and a piece of a bullet in the dashboard. The complainant provided a detailed description to the police on the day of the incident. In addition, the defendant elicited testimony that the complainant identified him in a photo array prior to the lineup identification.

The complainant in the September incident testified that the defendant put a gun to his head as he attempted to enter his vehicle, and that he struggled with the defendant over the gun in the front seat of the vehicle. During the struggle, he was face-to-face with the defendant, and close enough for the defendant to bite his hand. The complainant managed to get out of the vehicle and was backing away from the defendant, looking at his face, when the defendant fired a shot at him. The complainant gave a detailed physical description of his attacker to the police the same day. This is not a case in which the People relied on lineup identification testimony to buttress otherwise "internally contradictory and inconsistent" identification testimony by an eyewitness (*People v Johnson, supra,* at 799).

The defendant's remaining contentions are without merit. O'Brien, J. P., Friedmann, Florio and McGinity, JJ., concur.