■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL JOHNSON, Also Known as MALIK ABDULLAH, Appellant. [721 NYS2d 108] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered December 5, 1994, convicting him of burglary in the first degree, rape in the first degree (three counts), sodomy in the first degree (three counts), unlawful imprisonment in the first

degree, assault in the second degree, and sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant unlawfully entered the complainant's room at the boarding house where they both resided, held a knife to her throat, and led her across the hallway into his room where he blindfolded and gagged her, bound her wrists, and then raped, sodomized, and sexually abused her. During the attack, he told the complainant that he had served time in jail for manslaughter. Under the circumstances of this case, the trial court should have precluded evidence of this uncharged crime. While it was probative of the forcible compulsion elements of the crimes charged, there was sufficient other evidence to prove that element. Therefore, the probative value of the defendant's statement was outweighed by the potential for prejudice (*see, People v Allweiss,* 48 NY2d 40; *People v McKinney,* 24 NY2d 180; *People v Liller,* 20 NY2d 727). However, in light of the overwhelming evidence of the defendant's guilt, any error in the admission of this evidence was harmless (*see, People v Crimmins,* 36 NY2d 230).

The trial court properly exercised its discretion in directing that the sentence on the burglary conviction run consecutively to the remaining sentences (*see,* Penal Law § 70.25 [2]; *People v Whiting,* 182 AD2d 732, 733).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Santucci, J. P., Krausman, S. Miller and Smith, JJ., concur.