(July 12, 2001)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD ESTEP, Appellant. [729 NYS2d 787] —Carpinello, J. Appeals (1) from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered December 22, 1998, upon a verdict convicting defendant of the crimes of burglary in the second degree and attempted rape in the first degree, and (2) by permission, from an order of said court, entered October 15, 1999, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant stands convicted of burglary in the second degree and attempted rape in the first degree following a jury trial.

Notably, one significant fact was not disputed by defendant at trial, namely, that he was at the home of his employer in the early morning hours of December 17, 1996. As to how he got into that house and what he was doing there, the trial testimony of defendant and his employer's wife (hereinafter the victim) was diametrically opposed.

According to the victim, she was awakened in the middle of the night by a man standing over her bed. Her husband was out of town on business, a fact known to defendant. Wearing a paper mask and gloves, the intruder came after her as she tried to scramble out of bed. The two struggled, first on, then off, the bed during which defendant clasped his hands over the victim's nose and mouth. The victim pleaded with defendant to stop and bit him several times during the attack, including on his left upper thigh (he was not wearing pants). The commotion awoke the victim's five-year old daughter, who entered the master bedroom. The child was told by the victim to call for help, which she attempted to do, to no avail, because the telephone was dead, its wires having been cut. After the child ran outside to get help from a neighbor, the intruder unsuccessfully tried to remove the victim's pajama bottoms and then finally fled the house wearing only a t-shirt and socks with a pillow over his head. His briefs were retrieved by police in the hallway outside the master bedroom. Although the victim believed the intruder to be defendant—because defendant knew that her husband was away, knew the layout of her home having done handy work around it and having house sat in the past and because her otherwise stranger-wary German Shepard did not bark at his presence—she never actually saw his face during the ordeal nor did he ever speak.

Defendant took the stand in his own defense at trial and admitted that he was indeed at the victim's home on the morning in question. He denied breaking into that home or attempting to rape the victim. Rather, according to defendant, the two were having a consensual affair and the victim invited him there because her husband was away. Defendant further acknowledged that he had a human bite mark on his upper thigh inflicted by the victim but claimed that this too was the result of their consensual relations. The jury obviously did not believe his implausible testimony. Sentenced as a second felony offender to consecutive 15-year prison terms, defendant appeals from the judgment of conviction, as well as a subsequent order denying his CPL 440.10 motion to vacate the judgment.

None of the arguments raised in support of reversal has merit. Particularly unpersuasive is defendant's claim that

County Court erred in denying his request to instruct the jury that harassment in the second degree (see, Penal Law § 240.26) is a lesser included offense of attempted rape in the first degree (see, Penal Law §§ 110.00, 130.35 [1]). Success on this contention requires a two-part showing by defendant—(1) that it was impossible for him to commit attempted rape without also committing harassment and (2) that a reasonable view of the evidence would have permitted the jury to conclude that he committed harassment but not attempted rape (see, People v Glover, 57 NY2d 61, 63-64; see also, CPL 1.20 [37]; 300.50 [1]). As to the first prong, defendant contends that rape and/or attempted rape cannot be committed without intending to "annoy" a victim, intent to annoy another being an essential element of harassment in the second degree (see, Penal Law § 240.26 [1]). We find this contention to be patently without merit (see, People v Quinones, 256 AD2d 634, 636, lv denied 93 NY2d 878; see generally, People v Wheeler, 109 AD2d 169, affd 67 NY2d 960).

Also patently without merit is defendant's further claim that the jury could have concluded that his groping of the victim's pajamas in an attempt to remove them from her body was nothing more than a "parting gesture" on his part which simply constituted harassment and not attempted rape, thus satisfying the second prong of People v Glover (supra). Evidence that defendant cut the telephone line to the victim's house, forced his way into that house cloaked in a mask and gloves, forcefully struggled with her while they were alone and in the presence of her young daughter and fled the scene nearly naked with a pillow covering his head hardly supports a finding that a reasonable view of the evidence would have permitted the jury to conclude that defendant simply committed harassment and not attempted rape (see, id.).

We find no abuse of discretion in County Court's Sandoval compromise and further find that defendant failed to properly preserve for review his claim that certain statements were improperly admitted at trial (see, People v Clark, 41 NY2d 612, 616, cert denied 434 US 864; People v Linderberry, 222 AD2d 731, 732, lv denied 87 NY2d 975; People v Aponte, 140 AD2d 702, lv denied 72 NY2d 911; People v Guerrero, 111 AD2d 350, 355 [Titone, J., dissenting], revd on dissenting mem below 69 NY2d 628). Finally, as to County Court's imposition of consecutive sentences, we again find no error as it has been firmly established that burglary constitutes a separate and distinct act which is not a material element of rape (see, People v Johnson, 280 AD2d 683; People v Whiting, 182 AD2d 732, 733, lv denied 80 NY2d 1030; People v Jackson, 169 AD2d 887, 890, lv denied 77 NY2d 996; People v Boyce, 133 AD2d 164).

We have reviewed defendant's remaining contentions, including the claims that he was denied effective assistance of counsel and that County Court erred in denying his CPL 440.10 motion to vacate the judgment, and find each to be unavailing.

Mercure, J. P., Crew III, Peters and Rose, JJ., concur. Ordered that the judgment and order are affirmed.