THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS MARTIN, Appellant. [793 NYS2d 803]—Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered July 7, 2003. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree and grand larceny in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him of burglary in the third degree (Penal Law § 140.20) and grand larceny in the fourth degree (§ 155.30 [1]), defendant has failed to preserve for our review his challenge to the legal sufficiency of the evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]; *People v Finger*, 95 NY2d 894, 895 [2000]; *People v Gray*, 86 NY2d 10, 19 [1995]). Were we to reach the issue, we would conclude that the evidence is legally sufficient to establish that the premises unlawfully entered constituted a "building" (Penal Law § 140.00 [2]; § 140.20; *see People v Ruiz*, 68 NY2d 855 [1986], *affg for reasons stated at* 120 AD2d 437 [1986]; *People v Mincione*, 66 NY2d 995, 996-997 [1985]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). County Court did not err in imposing consecutive terms

of incarceration upon defendant's conviction for burglary and grand larceny (*see* Penal Law § 70.25 [2]; *see also People v Yong Yun Lee*, 92 NY2d 987, 989 [1998]; *People v Wright*, 1 AD3d 707, 708-709 [2003], *lv denied* 1 NY3d 636 [2004]; *People v Estep*, 285 AD2d 726, 728 [2001], *lv denied* 97 NY2d 681 [2001]; *People v Johnson*, 280 AD2d 683, 684 [2001], *lv denied* 97 NY2d 683, 756 [2001]). Present—Green, J.P., Hurlbutt, Kehoe, Smith and Hayes, JJ.