■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID W. KOWNACK, Appellant. [798 NYS2d 228]—

Appeal from a judgment of the Supreme Court (Teresi, J.), rendered August 14, 2002 in Rensselaer County, which resentenced defendant following his conviction of the crimes of burglary in the second degree and sexual abuse in the first degree.

Defendant, waiving his right to appeal, pleaded guilty to burglary in the second degree and sexual abuse in the first degree in satisfaction of a 13-count indictment. Defendant initially was

sentenced to consecutive prison terms of three years for the burglary conviction and four years for the sexual abuse conviction, followed by three years of postrelease supervision. Due to an illegal sentence on the burglary conviction, defendant's sentence was revised and he was resentenced to consecutive prison terms of 3½ years, followed by three years of postrelease supervision. On appeal, defendant contends that Supreme Court erred in imposing consecutive, rather than concurrent, prison terms.

Initially, we note that defendant's waiver of the right to appeal does not preclude his challenge to the legality of the sentence (*see People v Seaberg*, 74 NY2d 1, 9 [1989]; *People v Carpenter*, 19 AD3d 730 [2005]). Turning to the merits, it is well settled that concurrent sentences must be imposed "(1) where a single act constitutes two offenses, or (2) where a single act constitutes one of the offenses and a material element of the other" (*People v Laureano*, 87 NY2d 640, 643 [1996]; *see* Penal Law § 70.25 [2]; *People v Larew*, 11 AD3d 727, 728 [2004]; *People v Campos*, 206 AD2d 633, 635 [1994]). Here, defendant stands convicted of sexual abuse in the first degree, having subjected the victim to sexual contact by forcible compulsion (*see* Penal Law § 130.65 [1]), and burglary in the second degree pursuant to Penal Law § 140.25 (2), which requires that one knowingly enter or remain unlawfully in a dwelling with the intent to commit a crime therein. Under the circumstances here, the sexual abuse was not a material element of the burglary conviction, inasmuch as the crime intended to be committed under the burglary count does not need to be specified or even completed in order to secure a conviction for burglary (*see People v Mackey*, 49 NY2d 274, 279 [1980]). The intent to commit the crime is enough. Furthermore, the fact that the offenses were committed within a brief period does not constitute one continuous act warranting the imposition of concurrent sentences. Rather, the record establishes that the offenses involved separate and distinct acts (*see People v Estep*, 285 AD2d 726 [2001], *lv denied* 97 NY2d 681 [2001]; *People v Whiting*, 182 AD2d 732, 733 [1992], *lv denied* 80 NY2d 1030 [1992]). Accordingly, we find no error in Supreme Court imposing consecutive sentences in accordance with the plea agreement.

Crew III, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.