■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID MARTIN, Appellant. [805 NYS2d 131]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Smith, J.), rendered October 15, 2002, convicting him of robbery in the second degree (two counts) and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Assuming, as the defendant argues, that the hearing court improvidently exercised its discretion in restricting his cross-examination of the victim at the *Wade* hearing (see *United States v Wade*, 388 US 218 [1967]), the hearing court nevertheless properly denied that branch of the defendant's omnibus motion which was to suppress identification testimony regarding the victim's showup identification of the defendant. The record fully supports the hearing court's determination that there was an independent basis for the victim's in-court identification of the defendant (see *People v Parker*, 127 AD2d 614, 615 [1987]).

Furthermore, any purported error in the admission of the relevant testimony was harmless beyond a reasonable doubt in light of the overwhelming evidence of the defendant's guilt (*see People v Harris*, 80 NY2d 796 [1992]; *People v Christie*, 18 AD3d 770 [2005], *lv denied* 5 NY3d 760 [2005]).

Contrary to the defendant's contention, the procedure pursuant to which he was sentenced as a persistent felony offender did not violate his constitutional rights (*see People v Rivera*, 5 NY3d 61 [2005], *cert denied* — US —, 126 S Ct 564 [Oct. 31, 2005]; *People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]; *People v Jordan*, 21 AD3d 1039 [2005]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are either not preserved for appellate review, do not require reversal, or are without merit. Florio, J.P., H. Miller, Spolzino and Dillon, JJ., concur.