24-1921-cr
*United States v. Morgan*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of May, two thousand twenty-five.

PRESENT:     SARAH A. L. MERRIAM,
             MARIA ARAÚJO KAHN,
                  *Circuit Judges*,
             RACHEL P. KOVNER,
                  *District Judge*.[*]

_____

UNITED STATES OF AMERICA,

    *Appellee*,

      v.                                                                24-1921-cr

OCYRIS MORGAN,

    *Defendant-Appellant*.

_____

---

[*] Judge Rachel P. Kovner of the United States District Court for the Eastern District of New York, sitting by designation.

FOR DEFENDANT-APPELLANT:      Molly K. Corbett, Assistant Federal Public Defender, Albany, NY.

FOR APPELLEE:      Jonathan S. Reiner, Thomas R. Sutcliffe, Assistant United States Attorneys of Counsel, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Sannes, *C.J.*).

**UPON DUE CONSIDERATION,** the judgment of the District Court entered July 15, 2024, is **AFFIRMED.**

Defendant-appellant Ocyris Morgan appeals from a judgment of the District Court sentencing him principally to 188 months of imprisonment and four years of supervised release following his conviction by guilty plea on one count of possession with intent to distribute controlled substances – specifically, five grams or more of methamphetamine, in violation of 21 U.S.C. §841(b)(1)(B), and an undetermined amount of cocaine base and fentanyl, in violation of 21 U.S.C. §841(b)(1)(C). On appeal, Morgan argues that the District Court committed procedural error by assigning three criminal history points pursuant to U.S.S.G. §4A1.1(a) for a 2004 New York state conviction. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

"We review the procedural . . . reasonableness of sentencing decisions for abuse of discretion, a standard incorporating *de novo* review of questions of law, including

interpretation of the Guidelines, and clear error review of questions of fact." *United States v. Taylor*, 961 F.3d 68, 74 (2d Cir. 2020) (alterations adopted) (citations and quotation marks omitted). "A sentence is procedurally unreasonable if a district court . . . erred in determining the applicable Guideline range." *United States v. Vargas*, 961 F.3d 566, 570 (2d Cir. 2020) (alteration adopted) (citation and quotation marks omitted).

Section 4A1.1(a) of the Sentencing Guidelines provides that, when determining a defendant's criminal history score, the court should "[a]dd 3 points for each prior sentence of imprisonment exceeding one year and one month." U.S.S.G. §4A1.1(a).

> Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

U.S.S.G. §4A1.2(e)(1). Section 4A1.2(k)(2) states that revocation of parole "may affect the time period under which certain sentences are counted as provided in" section 4A1.2(e). *Id.* §4A1.2(k)(2). "[I]n the case of an adult term of imprisonment totaling more than one year and one month, [courts should use] the date of last release from incarceration on such sentence" to "determin[e] the applicable time period." *Id.*[1]

Morgan does not dispute that the sentence for his 2004 conviction is a "prior sentence of imprisonment exceeding one year and one month." U.S.S.G. §4A1.1(a). He

---

[1] Morgan's 2004 sentence arose from a "youthful offender" adjudication. Prior decisions of this Court have held that such adjudications can result in an "adult" term of imprisonment for purposes of the Guidelines. *See United States v. Driskell*, 277 F.3d 150, 154 (2d Cir. 2002); *United States v. Conca*, 635 F.3d 55, 65 (2d Cir. 2011). Morgan does not challenge this line of cases, so we do not consider their validity or applicability here.

argues only that the sentence does not satisfy the requirements of section 4A1.2(e)(1) because the government did not prove by a preponderance of the evidence that he served time in prison as a result of that sentence within fifteen years of the start of his relevant offense conduct in this matter.  We disagree.

Morgan was arrested on the 2004 offense on June 4, 2004, and sentenced to an indeterminate term of one-to-three years' imprisonment.[2]  Morgan was released on parole on April 28, 2005.  That parole was set to expire at the expiration of the maximum term of three years imposed on the 2004 offense, that is, no earlier than June 4, 2007.  On July 18, 2006, Morgan was arrested on new charges; he remained in state custody at all relevant times following that arrest.  He was convicted of a new felony offense on April 30, 2007, and sentenced to two years' imprisonment on that charge.

When a New York parolee is convicted of a new felony offense under New York law, as Morgan was on April 30, 2007, "his parole [is] revoked by operation of law." *People ex rel. Camarano v. Costello,* 760 N.Y.S.2d 915, 916 (App. Div. 2003); *see also Lewis v. Annucci*, 145 N.Y.S.3d 667, 668 & n.2 (App. Div. 2021); New York Exec. Law §259-i(3)(d).  Furthermore, a final parole hearing was conducted on May 2, 2007.[3]

---

[2] Under Guidelines section 4A1.2(b)(1), the *maximum* sentence imposed – here, three years – is the sentence considered for purposes of calculating criminal history points.  *See* U.S.S.G. §4A1.2 cmt. note 2.

[3] Even though New York law provides that no parole hearing is required "where the parolee has been convicted of a new felony and has been sentenced to a new sentence," a final revocation hearing may still he held in such a case where it might serve some other purpose, such as "determining whether [the parolee] had become delinquent in observing his parole obligations."  *Oriole v Saunders*, 884 N.Y.S.2d 719, 723 (App. Div. 2009) (alteration adopted) (citation and quotation marks omitted).

Morgan was next released from state custody on June 18, 2008. Thus, as of no later than May 2, 2007, when Morgan's parole was revoked on the 2004 conviction, he began serving the undischarged term of imprisonment imposed on the 2004 conviction.

It is undisputed that the relevant conduct in the instant federal offense commenced in April or May 2021. *See* App'x at 127-28.[4] Morgan was imprisoned (again) on the sentence for the 2004 conviction beginning at least by May 2, 2007; that is less than fifteen years before the earliest offense conduct in this matter. The District Court therefore properly assigned three criminal history points for the 2004 conviction.

For the foregoing reasons, the judgment of the District Court is **AFFIRMED.**

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

---

[4] At sentencing, Morgan argued that the earliest relevant conduct occurred on May 12, 2021, and the Court found that the earliest relevant conduct occurred on April 29, 2021. Because either date is less than fifteen years after Morgan's May 2, 2007, reimprisonment on the 2004 conviction, the discrepancy does not affect our analysis.

5